## GENERAL SESSIONS.

### NEW YORK, JANUARY, 1824.

*The People*
vs.
*John Robinson.* } PETIT LARCENY.

Present—Honourable *Richard Riker*, Recorder.

*Maxwell*, District Attorney, Counsel for The People.
*Phœnix*, Counsel for the Prisoner.

Mr. *Maxwell* called a number of witnesses to prove the felony, and then offered to read the examination of the prisoner taken before the committing magistrate, and called Mr. Hatfield to prove the handwriting of the magistrate.

*Phœnix* objected, and insisted that the magistrate

himself must be called to prove examination was taken according to law.

- *Maxwell* replied that proof of the handwriting of the magistrate who took the examination had always, in this court, been deemed sufficient, and that might be proved by any person acquainted with his handwriting.

The court decided that where objections were made to the regularity of the examination, it was necessary to produce the magistrate who took it, or his clerk.

N'W YORK,
Jan. 1824.

The People
v.
Robinson.

NOTE.—It is the practice in the New-York Sessions for the district attorney (whose humanity is as conspicuous as his acknowledged talents) to withhold the examination of prisoners upon their trial, when he thinks the statement therein would operate in their favor, and that upon the ground, that reading the examination in some cases would give the prisoner an opportunity to exculpate himself by his own evidence, and the court I believe has so decided in more than one instance.

It appears to me to be a very hard case that a prisoner may be examined for the purpose of securing evidence to be used upon his trial, and that evidence withheld at the option of his prosecutor. Why is he examined ? Is it for the exclusive benefit of the state ? Certainly not. All the English authorities go upon the principle that the examination is taken for *his benefit.* It is said the examination has been considered rather as a privilege in favour of the party accused *afforded by law* for the benefit of an innocent man, who perhaps may on examination clear himself from suspicion, and then he will immediately regain his freedom, than as any additional peril. 1 Chitty's Cr. L. 68. And another fact, from which an argument might be drawn to show the examination should be read in evidence upon the trial when demanded by the prisoner is, that if the prisoner

N'W YORK,
Jan. 1824.

The People
v.
Robinson.

insist upon it the magistrate is *compelled* to take his examination. Fortes. 142. It therefore appears that it is for the prisoner's benefit, and it appears equally true, that if the examination is not read he loses the benefit of that privilege the humanity of the law has allowed him. Should not the examination, if requested, be read? and if it contains matter in favour of the prisoner, like every other species of evidence, its credibility may be judged of by the jury.